A. LITTON *et al. v.* W. B. ARMSTEAD *et al.*

1. CHANCERY PRACTICE. *When bill should be rejected.* Though it should be regular and proper to sign a bill upon its face, still the same should not be dismissed for the mere irregularity of having been signed only on the back, such error being easily cured by signing under the direction of the court.

2. SAME. *Same. Bill not to be dismised. When.* Serving a defendant with · *alias* subpœna to answer, issued after the lapse of several terms, is not a good ground for discontinuance of a bill in equity, though it is of a suit at law.

FROM ————————

No record can be found.

DEADERICK, C. J., delivered the opinion of the court.

This bill was dismissed on motion, or discontinued, for two reasons set forth in the order dismissing it:

1. It was not signed by counsel or by complainants.

It appears that on the back of the bill is written the name of A. A. Swope, solicitor, etc. The purpose of the signing of the bills by counsel, is, "to secure regularity, relevancy and decency" in allegations, and "responsibility and guaranty of his counsel," and a signing on the back has been held a sufficient compliance with the rule. Sto. Eq., pl. sec. 47. But it is more regular and proper that the signature of

the solicitor should be upon the face of the bill. The bill, however, should not have been dismissed for such irregularity, which could easily have been cured by signing under the direction of the court.

2. That for several terms of the court, after the issuance of the subpœna to answer, which was returned not executed, no other process was issued to bring one of the defendants into court. As to some of the defendants, who were non-residents, publication had been duly ordered, and subpœna to answer issued for another. After the service of this last subpœna to answer, the notice was entered to discontinue because of the chasm in the process.

This is a good ground of discontinuance at law, but not as to a bill in equity.

It was error to dismiss the bill, for the reasons stated in the decree, and the same will be reversed and the cause remanded for further proceedings.